UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLGA ABRAMOVA,  <br>  Plaintiff,  <br>  v.  <br> THE EXONE COMPANY, S. KENT ROCKWELL, JOHN HARTNER, JOHN IRVIN, GREGORY F. PASHKE, WILLIAM F. STROME, ROGER W. THILTGEN, BONNIE K. WACHTEL, PAUL CAMUTI, DESKTOP METAL, INC., TEXAS MERGER SUB I, INC., and TEXAS MERGER SUB II, LLC,  <br>  Defendants. | Case No. _____  <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 11, 2021 (the "Proposed Transaction"), pursuant to which The ExOne Company ("ExOne" or the "Company") will be acquired by Desktop Metal, Inc. ("Parent"), Texas Merger Sub I, Inc. ("Merger Sub I"), and Texas Merger Sub II, LLC ("Merger Sub II," and together with Parent and Merger Sub I, "Desktop Metal").

2. On August 11, 2021, ExOne's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Desktop Metal. Pursuant to the terms of the Merger Agreement, ExOne's

stockholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal for each share of ExOne common stock they own.

3. On September 15, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of ExOne common stock.

9. Defendant ExOne is a Delaware corporation and a party to the Merger Agreement.

ExOne's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "XONE."

10. Defendant S. Kent Rockwell is Chairman of the Board of the Company.

11. Defendant John Hartner is Chief Executive Officer and a director of the Company.

12. Defendant John Irvin is a director of the Company.

13. Defendant Gregory F. Pashke is a director of the Company.

14. Defendant William F. Strome is a director of the Company.

15. Defendant Roger W. Thiltgen is a director of the Company.

16. Defendant Bonnie K. Wachtel is a director of the Company.

17. Defendant Paul A. Camuti is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub I is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

21. Defendant Merger Sub II is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

22. ExOne is the pioneer and global leader in binder jet 3D printing technology.

23. The Company also provides specialized 3D printing services, including on-demand production of mission-critical parts, as well as engineering and design consulting.

24.   On August 11, 2021, ExOne's Board caused the Company to enter into the Merger Agreement with Desktop Metal.

25.   Pursuant to the terms of the Merger Agreement, ExOne's stockholders will receive $8.50 in cash and $17.00 in shares of Desktop common stock per share of ExOne common stock.

26.   According to the press release announcing the Proposed Transaction:

Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") and The ExOne Company (NASDAQ: XONE) ("ExOne") announced today they have entered into a definitive agreement pursuant to which Desktop Metal will acquire all of the issued and outstanding shares of ExOne common stock. Under the terms of the agreement, ExOne shareholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock, for a total consideration of $25.50 per share, representing a transaction value of $575 million, subject to a collar mechanism as described below and implying a 47.6% premium to the closing price of ExOne's common stock on August 11, 2021 and a 43.9% premium based on the 30-day average closing price of ExOne common stock. The transaction value also implies an acquisition multiple of 6.4x 2021 consensus revenue estimates for ExOne. . . .

Transaction Details

Under the terms of the agreement, at closing, ExOne stockholders will receive total consideration of $575 million, consisting of $192 million in cash consideration and $383 million in share consideration of Desktop Metal common stock, subject to a collar mechanism on the share consideration component described below.

The share consideration component is subject to an exchange ratio adjustment if Desktop Metal's 20-day volume weighted average price (VWAP) 3 days prior to closing is between $7.94 and $9.70. If the 20-day VWAP exceeds the higher end of that range, the exchange ratio will be fixed at 1.7522 per share, and if the 20-day VWAP goes below the lower end of that range, the exchange ratio will be fixed at 2.1416 per share. The final number of Desktop Metal shares estimated to be issued on a fully diluted basis will range between approximately 39.5 million and 48.3 million shares at closing. Upon closing of the transaction, current Desktop Metal shareholders will own between 85 and 88% and current ExOne shareholders are expected to own between 12 and 15% of the combined company, respectively.

Kent Rockwell, ExOne's Chairman of the Board of Directors and largest shareholder, has entered into a Support Agreement in which he will vote his 4.2 million shares in favor of the transaction.

Closing and Approvals

The transaction, which has been unanimously approved by the Board of Directors of ExOne, is expected to close in the fourth quarter of 2021, subject to the approval of ExOne shareholders and satisfaction of customary closing conditions, including applicable regulatory approvals.

Advisors

Credit Suisse Securities (USA) LLC is acting as exclusive financial advisor and Latham & Watkins is acting as legal advisor to Desktop Metal. Stifel is acting as exclusive financial advisor and McGuireWoods LLP is acting as legal advisor to ExOne.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

27. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Registration Statement omits material information.

29. First, the Registration Statement omits material information regarding the Company's and Desktop Metal's financial projections.

30. The Registration Statement fails to disclose: (i) all line items used to calculate the projections; (ii) projected net income; (iii) projected cash flows and all underlying line items; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Stifel.

33. With respect to Stifel's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose: (i) the closing dates for the transactions; and (ii) the total values of the transactions.

34. With respect to Stifel's Discounted Cash Flow Analyses for ExOne, Desktop Metal, and the combined company, the Registration Statement fails to disclose: (i) the projected cash flows used in the analyses and all underlying line items; (ii) the terminal values; (iii) Stifel's basis for selecting the multiples used in the analyses; (iv) the individual inputs and assumptions underlying the discount rates; (v) net debt; and (vi) the fully diluted share count.

35. With respect to Stifel's Premiums Paid Analyses, the Registration Statement fails to disclose: (i) transactions observed in the analyses; and (ii) the premiums paid in the transactions.

36. With respect to Stifel's Research Price Targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. Third, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

39. Fourth, the Registration Statement fails to disclose the timing and nature of the past services Stifel and its affiliates provided to ExOne, Desktop Metal, and/or their affiliates, and the amount of compensation Stifel has received or will receive for providing such services.

40. The omission of the above-referenced material information renders the Registration Statement false and misleading.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ExOne

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. ExOne is liable as the issuer of these statements.

44. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

45. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

47. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Desktop Metal

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants and Desktop Metal acted as controlling persons of ExOne within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of ExOne and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants and Desktop Metal was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

54. Desktop Metal also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

55. By virtue of the foregoing, the Individual Defendants and Desktop Metal violated Section 20(a) of the 1934 Act.

56. As set forth above, the Individual Defendants and Desktop Metal had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 29, 2021   **RIGRODSKY LAW, P.A.**

           By: */s/ Gina M. Serra*
             Seth D. Rigrodsky
             Timothy J. MacFall
             Gina M. Serra
             Vincent A. Licata
             825 East Gate Boulevard, Suite 300
             Garden City, NY 11530
             (516) 683-3516
             sdr@rl-legal.com
             tjm@rl-legal.com
             gms@rl-legal.com
             vl@rl-legal.com

             *Attorneys for Plaintiff*